UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 17-14827-AJC |
| | : | |
| MAGNA TECH AVIATION, INC., | : | |
| | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| _____/ | : | |
| | : | ADV. CASE NO: 17-01425-AJC |
| MARIA YIP, Chapter 7 Trustee | : | |
| in Bankruptcy for Magna Tech | : | |
| Aviation, Inc., | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| ORLANDO TAVIO, | : | |
| | : | |
| Defendant. | : | |
| _____/ | | |

### AGREED NOTICE OF TAKING DEPOSITION *DUCES TECUM* OF ORLANDO TAVIO PURSUANT TO RULE 7030, FEDERAL RULES OF BANKRUPTCY PROCEDURE

TO:  Magna Tech Aviation, Inc.
     OrlandoTavio, Principal/Mgr.
     14621 SW 16 Street
     Miami, FL 33175

CC:  James Alan Poe, Esq.
     9500 S. Dadeland Blvd, Suite 610
     Miami, FL 33156

**PLEASE TAKE NOTICE THAT**, Maria Yip, Trustee (the "*Trustee*" or "*Plaintiff*"), by and through undersigned counsel and pursuant to Rule 7030 of the Federal Rules of Bankruptcy Procedure, will examine the following person under oath, at the following date, time and location pursuant to Rule 7030 of the Federal Rules of Bankruptcy Procedure and Local Rule 7030-2:

DEPONENT:   Orlando Tavio

DATE:       December 18, 2017

TIME:       2:00 PM

LOCATION:   Robert A. Angueira, P.A.

16 SW 1st Avenue
Miami, FL 3130

The deposition is being conducted pursuant to Rule 7030 of the Federal Rules of Bankruptcy Procedure and Local Rule 7030-2, and will be taken before an officer authorized to record the testimony. The scope of the deposition shall be as described in Rule 7030 of the Federal Rules of Bankruptcy Procedure.

If the Deponent requires an interpreter, it is the Deponent's responsibility to engage the employment of such interpreter to be present at the examination.

The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the Federal Rules of Bankruptcy Procedure and other applicable law, and shall continue day to day until completed. If the deponent receives this notice less than 14 days prior to the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time. Any objection must be heard prior to the taking of the deposition.

The Deponent is further requested to produce all of the documents described on the attached **Schedule "A"** for inspection and copying at the offices of Robert A. Angueira, P.A., 16 SW 1st Avenue, Miami, FL 33130 on December 18, 2017.

Dated: December 6, 2017

        ROBERT A. ANGUEIRA, P.A.
        16 SW 1st Avenue
        Miami, FL 33130
        Tel. (305) 263-3328
        e-mail rangueir@bellsouth.net

        By _____/s/_____
           ROBERT A. ANGUEIRA
           Florida Bar No. 0833241

CASE NO.: 17-01425-AJC

## SCHEDULE "A"

### I.  DOCUMENTS TO BE PRODUCED

1. Any and all documents referring to or relating to each allegation as set forth in Paragraph 20 of the Adversary Complaint [D.E. 1].

2. Any and all documents referring to or relating to each allegation as set forth in Paragraph 21 of the Adversary Complaint [D.E. 1].

3. An and all documents referring to or relating to each allegation as set forth in Paragraphs 22 and 23 of the Adversary Complaint [D.E. 1].

4. Proof of any payments made by Orlando Tavio personally for the 2008 Clearwater boat.

5. Proof that MTG Aerospace, Inc. paid for its own rent and utilities.

6. Documents requested by the Trustee's accountant which are listed in **Exhibit 1.**

7. Proof of disposition of cash withdrawal of $22,174.50 made from the Debtor's bank account on January 17, 2017.

8. Proof of disposition of $52,935.50 in cash withdrawn from the Debtor's Bank account within the year prior to Petition Date. A list of those withdrawals is attached as **Exhibit 2.**

9. Any and all documents, materials, or other exhibits which you intend to introduce as exhibits, or otherwise rely upon, at Trial.

### II.  DEFINITIONS AND INSTRUCTIONS

Unless the context of a specific request requires otherwise, the following definitions and instructions shall apply to these requests:

1. Where the word "any" is used in a request, it includes all documents so described.

4

2.  "Bankruptcy Case" shall refer to the above-captioned action.

3.  "Communication" means all written or oral communications however informal, including without limitation to the foregoing, correspondence, memoranda, notes, telegraphs, telephone conversations, negotiations, meetings or other oral communications, which are in any manner evidenced by, or referred to in a document, whether prepared in anticipation of, during, or subsequent to such communications.

4.  "Creditor" shall mean any person or entity to whom the Debtor owes money or is due performance of any other contractual obligation.

5.  "Debtor" shall mean Magna Tech Aviation, Inc.

6.  "Deponent" shall mean Orlando Tavio.

7.  "Describe," "discuss," "analyze," "describing," "discussion," or "analyzing," mean any document that, in whole or in part, characterizes, delineates, explicates, deliberates, evaluates, appraises, assesses or provides a general explanation of the specified subject.

8.  "Document" or "documents" as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, financial

calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

9.  "You" and "Your" refers to Orlando Tavio.

10. "And" and "Or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the

request for production of documents any document or information that might otherwise be construed to be outside its scope.

11.     "Petition Date" means April 18, 2017, the date of the filing of the Voluntary Chapter 7 Petition in the Bankruptcy Case.

12.     "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or non-for-profit, or partially or fully government owned or controlled.

13.     "Relate to" and "relating to" mean to make a statement about, refer to, discuss, describe, reflect, contain, comprise, identify, or in any way to pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus, documents that "relate to" a subject also include those which were specifically rejected and those which were not relied or acted upon.

14.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.  The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

15.     Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

16.     "Year" means calendar year unless otherwise specified.

### III.  INSTRUCTIONS

1.      With respect to this request for documents, the following instructions shall apply:

7

(1)     This request for documents is continuing and Examinee is requested to supplement its responses hereto.

(2)     Examinee is hereby notified that its duty to respond includes the duty to supply all documents and materials in Examinee's physical possession, as well as those which can be obtained from additional sources, pursuant to Rule 7036 of the Federal Rules of Bankruptcy Procedure.

(3)     In the event that any document called for by a request is withheld on the basis of claim of privilege, please identify that document by stating: (a) any addressor or addressee; (b) matter, number of pages, and attachments or appendices; (c) all persons to whom the document was distributed, shown or explained: (d) its present custodian; and (e) the nature of the privilege asserted.

(4)     In the event that any document requested herein is not presently in your possession or subject to your control, please identify each person you have reason to believe had or has knowledge of its contents.

(5)     In the event that any document called for by a request has been destroyed or discarded, please identify that document by stating: (a) any address or any addressee; (b) any indicated or blind copies; (c) the document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the document was distributed, shown or explained; (e) its date and destruction or discard, manner of destruction or discard, and reason for destruction or discard; and (f) the persons authorizing or carrying out such destruction or discard.

(6)     In producing documents requested herein, you shall produce documents in full, without abridgment, abbreviation, and expurgation of any sort.

(7)　　All documents shall be segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein.

CASE NO.: 17-01425-AJC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon the Defendant (and Defendant's counsel) via U.S. mail this 6th day of December, 2017 as follows:

| | |
|---|---|
| **Orlando Tavio as Principal/Mgr.**<br>**Magna Tech Aviation, Inc.**<br>**14261 SW 16 Street**<br>**Miami, FL 33175** | **James Alan Poe, Esq.**<br>**9500 S. Dadeland Blvd. #610**<br>**Miami, FL 33156** |

ROBERT A. ANGUEIRA, P.A.
16 SW 1st Avenue
Miami, FL 33130
Tel. (305) 263-3328
e-mail rangueir@bellsouth.net

By _____/s/_____
    ROBERT A. ANGUEIRA
    Florida Bar No. 0833241

3

In re: Magna Tech Aviation, Inc.
Case No.: 17-14827-AJC

Documents Request List

A. **Bank Accounts**

1. **Bank of America account ending 2212**

    a. Bank statements for the period(s) of: April 1, 2013 through February 28, 2014; August 1, 2014 through August 31, 2014; January 1, 2015 through December 31, 2015; and June 1, 2016 through April 30, 2017.

    b. The supporting documentation as detailed below for transactions greater than or equal to $500.

        i. Cancelled checks for the period(s) of: April 1, 2013 through February 28, 2014; August 1, 2014 through August 31, 2014; December 1, 2014 through December 31, 2014; January 1, 2015 through December 31, 2015; and June 1, 2016 through April 30, 2017.

        ii. Deposit slips and deposited items for the period of April 1, 2013 through April 30, 2017.

        iii. Any cashier's checks and/or supporting documents for cash withdrawals made during the period of April 1, 2013 through April 30, 2017.

        iv. Transfer advices for the period of April 1, 2013 through April 30, 2017.

2. **Bank of America account ending 7339**

    a. Bank statements for the period(s): January 1, 2015 through December 31, 2015.

    b. The supporting documentation as detailed below for transactions greater than or equal to $500.

        i. Cancelled checks for the period(s): August 1, 2014 through December 31, 2015; and June 1, 2016 through June 30, 2016.

        ii. Deposit slips and deposited items the period of July 1, 2014 through June 30, 2016.



Page 1

      iii. Any cashier's checks and/or supporting documents for cash withdrawals made during the period of July 1, 2014 through June 30, 2016.

      iv. Transfer advices for the period of April 1, 2013 through April 30, 2017.

3. **Bank of America account ending 1029**

    a. Bank statements for the period(s): April 1, 2017 through April 30, 2017

    b. The supporting documentation as detailed below for transactions greater than or equal to $500.

          i. Cancelled checks for the period(s): Check No. 863; all checks for the period January 1, 2017 through February 28, 2017; and April 1, 2017 through April 30, 2017.

          ii. Deposit slips and deposited items for the period(s): June 13, 2016 through April 30, 2017.

          iii. Any cashier's checks and/or supporting documents for cash withdrawals during the period of June 13, 2016 through April 30, 2017.

4. **Other Identified Accounts**

    a. Bank statements, cancelled checks, deposited slips, deposited items, cashier checks and transfer advices for any other Bank of America account held in the name of Magna Tech Aviation, Inc. for the period of April 1, 2013 through April 30, 2017.

    b. Bank statements, cancelled checks, deposited slips, deposited items, cashier checks and transfer advices for identified accounts listed below.

| Account Holder | Institution | Account Ending | Period |
|---|---|---|---|
| Unknown | Bank of America | 9465 | 04/01/2013 – 04/30/2017 |
| Unknown | Bank of America | 2160 | 04/01/2013 – 04/30/2017 |
| Unknown | Bank of America | 1553 | 04/01/2013 – 04/30/2017 |
| Unknown | Bank of America | 3124 | 04/01/2013 – 04/30/2017 |
| Unknown | Bank of America | 9474 | 04/01/2013 – 04/30/2017 |

B. **Tax Returns**

    5. Corporate tax returns for Magna Tech Aviation, Inc. for the year(s): 2013, 2014, 2015 and 2016.



*In re*: Magna Tech Aviation Inc.
Case No.: 17-14827-AJC

Analysis of Cash Withdrawals

Made From Bank of America Accounts Ending 2212, 7399 and 1029 Held in the Name of Magna Tech Aviation, Inc.
During the Period April 18, 2016 through March 31, 2017

*(Sorted by Date)*

| Institution | Account Name | Account No. | Date | Type | Check No. | (Payee) / Payor | Amount | Memo |
|---|---|---|---|---|---|---|---|---|
| Bank of America | Magna Tech Aviation Inc | 8980 5653 7399 | 05/02/16 | Withdrawal | N/A | Cash Withdrawal | $ (400.00) | |
| Bank of America | Magna Tech Aviation Inc | 0089 8233 2212 | 05/12/16 | Withdrawal | N/A | Cash Withdrawal | (1,160.00) | |
| Bank of America | Magna Tech Aviation Inc | 0089 8233 2212 | 05/12/16 | Withdrawal | N/A | Cash Withdrawal | (1,300.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 5653 7399 | 05/16/16 | Withdrawal | N/A | Cash Withdrawal | (100.00) | |
| Bank of America | Magna Tech Aviation Inc | 0089 8233 2212 | 05/19/16 | Withdrawal | N/A | Cash Withdrawal | (1,000.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 5653 7399 | 05/19/16 | Withdrawal | N/A | Cash Withdrawal | (60.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 5653 7399 | 05/27/16 | Withdrawal | N/A | Cash Withdrawal | (160.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 5653 7399 | 06/06/16 | Withdrawal | N/A | Cash Withdrawal | (1,600.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 5653 7399 | 06/08/16 | Withdrawal | N/A | Cash Withdrawal | (120.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 5653 7399 | 06/13/16 | Withdrawal | N/A | Cash Withdrawal | (1,300.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 5653 7399 | 06/13/16 | Withdrawal | N/A | Cash Withdrawal | (100.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 06/15/16 | Withdrawal | N/A | Cash Withdrawal | (2,060.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 06/24/16 | Withdrawal | N/A | Cash Withdrawal | (200.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 06/24/16 | Withdrawal | N/A | Cash Withdrawal | (200.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 06/24/16 | Withdrawal | N/A | Cash Withdrawal | (400.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 06/30/16 | Withdrawal | N/A | Cash Withdrawal | (600.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 07/01/16 | Withdrawal | N/A | Cash Withdrawal | (1,280.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 07/05/16 | Withdrawal | N/A | Cash Withdrawal | (600.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 07/07/16 | Withdrawal | N/A | Cash Withdrawal | (45.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 07/07/16 | Withdrawal | N/A | Cash Withdrawal | (205.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 07/07/16 | Withdrawal | N/A | Cash Withdrawal | (205.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 07/08/16 | Withdrawal | N/A | Cash Withdrawal | (400.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 07/13/16 | Withdrawal | N/A | Cash Withdrawal | (120.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 07/14/16 | Withdrawal | N/A | Cash Withdrawal | (1,300.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 07/21/16 | Withdrawal | N/A | Cash Withdrawal | (600.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 07/25/16 | Withdrawal | N/A | Cash Withdrawal | (600.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 07/25/16 | Withdrawal | N/A | Cash Withdrawal | (600.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 07/27/16 | Withdrawal | N/A | Cash Withdrawal | (580.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 07/27/16 | Withdrawal | N/A | Cash Withdrawal | (300.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 07/29/16 | Withdrawal | N/A | Cash Withdrawal | (1,400.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 08/03/16 | Withdrawal | N/A | Cash Withdrawal | (600.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 08/04/16 | Withdrawal | N/A | Cash Withdrawal | (600.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 08/04/16 | Withdrawal | N/A | Cash Withdrawal | (340.00) | |

EXHIBIT 2

*In re*: Magna Tech Aviation Inc.
Case No.: 17-14827-AJC

Analysis of Cash Withdrawals
Made From Bank of America Accounts Ending 2212, 7399 and 1029 Held in the Name of Magna Tech Aviation, Inc.
During the Period April 18, 2016 through March 31, 2017

*(Sorted by Date)*

| Institution | Account Name | Account No. | Date | Type | Check No. | (Payee) / Payor | Amount | Memo |
|---|---|---|---|---|---|---|---|---|
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 08/09/16 | Withdrawal | N/A | Cash Withdrawal | (180.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 09/14/16 | Withdrawal | N/A | Cash Withdrawal | (203.00) | Cardtronics |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 09/23/16 | Withdrawal | N/A | Cash Withdrawal | (600.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 09/23/16 | Withdrawal | N/A | Cash Withdrawal | (400.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 09/26/16 | Withdrawal | N/A | Cash Withdrawal | (600.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 09/26/16 | Withdrawal | N/A | Cash Withdrawal | (503.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 10/07/16 | Withdrawal | N/A | Cash Withdrawal | (160.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 10/11/16 | Withdrawal | N/A | Cash Withdrawal | (100.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 10/24/16 | Withdrawal | N/A | Cash Withdrawal | (600.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 10/24/16 | Withdrawal | N/A | Cash Withdrawal | (600.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 10/24/16 | Withdrawal | N/A | Cash Withdrawal | (140.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 10/26/16 | Withdrawal | N/A | Cash Withdrawal | (140.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 11/04/16 | Withdrawal | N/A | Cash Withdrawal | (600.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 11/07/16 | Withdrawal | N/A | Cash Withdrawal | (200.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 11/14/16 | Withdrawal | N/A | Cash Withdrawal | (200.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 11/21/16 | Withdrawal | N/A | Cash Withdrawal | (1,300.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 12/06/16 | Withdrawal | N/A | Cash Withdrawal | (1,400.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 12/16/16 | Withdrawal | N/A | Cash Withdrawal | (100.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 12/19/16 | Withdrawal | N/A | Cash Withdrawal | (100.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 12/21/16 | Withdrawal | N/A | Cash Withdrawal | (180.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 12/22/16 | Withdrawal | N/A | Cash Withdrawal | (20.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 01/13/17 | Withdrawal | N/A | Cash Withdrawal | (600.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 01/13/17 | Withdrawal | N/A | Cash Withdrawal | (600.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 01/17/17 | Withdrawal | N/A | Cash Withdrawal | (22,174.50) | "bought parts" |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 01/17/17 | Withdrawal | N/A | Cash Withdrawal | (600.00) | |
| Bank of America | Magna Tech Aviation Inc | 8980 8157 1029 | 01/20/17 | Withdrawal | N/A | Cash Withdrawal | (100.00) | |
| | | | | | | Cash Withdrawal Total | $ (52,935.50) | |

**Source(s):**
Bank statements for Magna Tech Aviation, Inc. Bank of America account ending 2212 for the period of March 1, 2014 through May 31, 2016.
Bank statements for Magna Tech Aviation, Inc. Bank of America account ending 7399 for the period of July 24, 2014 through July 31, 2016.
Bank statements for Magna Tech Aviation, Inc. Bank of America account ending 1029 for the period of June 13, 2016 through March 31, 2017.